UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT G. HILL, III and ERIN NANCE HILL,

    *Plaintiffs*,

v.                                                                                              Civil Action No. 3:20-CV-03634

THE ESTATE OF ALBERT G. HILL, JR.,
MARGARET KELIHER, TYREE B. MILLER,
LYDA HILL, HEATHER HILL WASHBURNE,
ELISA HILL SUMMERS, CHESTER J.
DONNALLY, JR. THE ESTATE OF IVAN
IRWIN, JR. CAROL E. IRWIN, and
THOMAS P. TATHAM,

    *Defendants*.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) AND BRIEF IN SUPPORT (OTHER THAN DEFENDANT LYDA HILL) (ECF NO. 18)**

Defendants[1] (except Defendant Lyda Hill) file this *Reply in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) and Brief in Support* (the "***Motion***") (ECF 18), requesting that the Court dismiss all of Plaintiffs' claims against Defendants in the Complaint (ECF 1) with prejudice, and would respectfully show the Court as follows:

---

[1] The following Defendants file this Reply in each and every capacity in which they have been sued: Defendants Margaret Keliher; Tyree B. Miller; Heather Hill Washburne; Elisa Hill Summers; Chester J. Donnally, Jr.; Carol E. Irwin; and Thomas P. Tatham (collectively, the "***Defendants***").

## I.     SUMMARY OF THE REPLY

The Court should grant the Motion[2] and dismiss Plaintiffs' claims for the following reasons:

***First***, Plaintiffs lack standing to assert claims regarding the Hill Jr. Trusts. In the GSA, Plaintiffs waived standing to assert any claim based upon any action taken with respect to any family trust (such as the Hill Jr. Trusts) during the period in which Plaintiffs were not a current beneficiary, but Plaintiffs complain the Hill Jr. Trusts were dissolved when Hill Jr. was the sole current beneficiary.[3] Further, Plaintiffs' Complaint fails to satisfy the standing prerequisites determined by this Court in the *2020 Action*, ECF 1883 for Plaintiffs to assert claims regarding the Hill Jr. Trusts because Plaintiffs fail to address the powers of appointment Hill Jr. exercised in his Will, which prevented Hill III from ever becoming a "current beneficiary."

***Second***, Plaintiffs' contentions that the Hill Jr. Trusts were improperly dissolved are moot because Plaintiffs' Complaint fails to address the powers of appointment Hill Jr. exercised in his Will, which is a prerequisite to establish standing.

***Third***, Plaintiffs' Rule 12(f) motion to strike does not apply to Rule 12(b) motions.

***Finally***, Plaintiffs' request to convert the Motion to a summary-judgment motion has no merit. Plaintiffs admit the Court can take judicial notice of pleadings and documents from various cases, including the *2020 Action*. Further, Plaintiffs largely rely on the evidence supplied by Lyda, not Defendants, when claiming that Defendants' Motion should be converted.

## II.     REPLY

**A.     Plaintiffs' Failure to Establish Standing is Fatal to Their Claims.**

For the Court to have subject matter jurisdiction, Plaintiffs must plead and prove they have

---

[2] Unless otherwise defined herein, Defendants rely on the various terms defined in their Motion. *See* ECF 18.
[3] *2020 Action,* ECF 879 at 21 § III ¶ 5(b) (emphasis added); *2020 Action,* ECF 999 at 35-36 ¶ 28 (emphasis added).

standing.[4]  Plaintiffs' failure to address this issue is a fatal deficiency requiring dismissal.[5]

### 1. *Plaintiffs Ignore the Waiver of Standing Clause.*

In the GSA, which was incorporated into the Final Judgment, Plaintiffs agreed to a Waiver of Standing Clause whereby they waived their right to assert any claim in connection with any trust (such as the Hill Jr. Trusts) for the primary benefit of a descendant of Margaret Hunt Hill of which they were not a current beneficiary.[6]  Plaintiffs ignore the language in the Waiver of Standing Clause that states: "**the waivers in this paragraph shall continue to apply to any actions taken or omitted by any other person or entity during the period that such Agreeing Party was not a current beneficiary**."[7]  Here, Plaintiffs' sole claim is that the dissolution of the Hill Jr. Trusts in 2016 violated the 1935 Trust Agreements.[8]  Although Plaintiffs assert that Hill III is **now** a "current beneficiary,"[9] Plaintiffs admit that in 2016: (1) Hill Jr. was the sole "current beneficiary" of the Hill Jr. Trusts,[10] and (2) Hill III was only a "contingent beneficiary" of the Hill Jr. Trusts.[11]  By definition, Plaintiffs have conceded that Hill III was not a "current beneficiary" of the Hill Jr. Trusts in 2016.  Thus, the Waiver of Standing Clause precludes Plaintiffs' claims.

### 2. *Plaintiffs' Complaint Ignores Hill Jr.'s Powers of Appointment.*

In an effort to avoid the Waiver of Standing Clause, Plaintiffs incorrectly claim this Court has "already rejected the[] waiver and standing arguments."[12]  But this Court has never rejected Defendants' waiver of standing argument.  The dissolution of the Hill Jr. Trusts was not the only thing preventing Hill III from becoming a "current beneficiary."  Hill Jr. held powers of

---

[4] *Xerox Corp. v. Genmoora Corp.,* 888 F.2d 345, 350 (5th Cir. 1989).
[5] FED. R. CIV. P. 12(b)(1).
[6] *2020 Action,* ECF 879 at 21 § III ¶ 5(b); *2020 Action,* ECF 999 at 35-36 ¶ 28.
[7] *2020 Action,* ECF 879 at 21 § III ¶ 5(b) (emphasis added); *2020 Action,* ECF 999 at 35-36 ¶ 28 (emphasis added).
[8] Response, ECF 26 at 6.
[9] *Id*. at 17.
[10] *Id*. at 12.
[11] *Id*. at 7.
[12] *Id*. at 1.

appointment over all of his interests in the Hill Jr. Trusts that he exercised in his Will. Thus, this Court previously held that for Hill III to establish standing, he must show both: (1) Hill Jr. did not have or validly exercise powers of appointment over the Hill Jr. Trusts, *and* (2) the 1935 Trust Agreements did not permit the Trustee to dissolve the trusts.[13] That is, the Court held that for Plaintiffs to establish standing to assert claims regarding the Hill Jr. Trusts, they must *first* establish Hill Jr. did not have or properly exercise powers of appointment in the Hill Jr. Trusts, and *then* establish the dissolution of the Hill Jr. Trusts by the Trustee violated the 1935 Trust Agreements.[14]

Here, the only claim Plaintiffs assert is that in 2016, when Hill III was not a current beneficiary, the Hill Jr. Trusts were wrongfully dissolved. Although Plaintiffs acknowledge Hill Jr. exercised his powers of appointment,[15] Plaintiffs ignore this Court's prior order and do not assert any claim challenging whether Hill Jr. had powers of appointment or validly exercised them. As a result, Plaintiffs fail to establish standing to assert claims regarding the Hill Jr. Trusts.

Previously, Hill III filed claims in Dallas County Probate Court challenging Hill Jr.'s powers of appointment.[16] While Defendants' summary-judgment motions were pending in Probate Court, Hill III nonsuited his claims. But nonsuiting his claims does nothing to establish standing or undermine Hill Jr.'s exercise of the powers of appointment. This Court's July 3, 2018 Order is clear—to establish standing, Plaintiffs must establish Hill Jr. did not have or validly

---

[13] *2020 Action,* ECF 1883 at 16 ("In sum, ***Hill III's standing hinges on*** whether, following Hill Jr.'s death, he was a current beneficiary of the MHTE and HHTE, in which case the waiver of standing provision in the Final Judgment is not triggered. If the powers of appointment Hill Jr. exercised in his Will are valid, and the trusts at issue were lawfully dissolved during Hill Jr.'s lifetime, Hill III would not be a current beneficiary and, therefore, would lack standing under the Final Judgment.") (emphasis added).

[14] *Id.* ("***If*** the Probate Court decides that Hill Jr.'s exercise of these powers of appointment was invalid, ***then*** Hill Jr.'s beneficiary designations in his Will would lapse. By contrast, ***if*** the Probate Court decides that Hill Jr. properly exercised these powers of appointment in his Will, thereby lawfully excluding Hill III from any inheritance, Hill III ***would not qualify as a current beneficiary and the waiver of standing provision*** in the Settlement Agreement and Final Judgment would, therefore, ***bar*** him from seeking relief in the Probate Court ***or this court*** with respect to the trusts at issue. Under the latter scenario, whether the termination of the trusts during Hill Jr.'s lifetime was impermissible would be ***moot***.") (emphasis added).

[15] Response, ECF 26 at 22-23.

[16] *See, e.g.*, *2020 Action*, ECF 1883 at 16.

exercise powers of appointment over the Hill Jr. Trusts, and then establish the dissolution of the Hill Jr. Trusts by the Trustee violated the 1935 Trust Agreements.

### 3. Plaintiffs' Interpretation in the Response of Hill Jr.'s Powers of Appointment is Wrong and Contradicts Hill III's Prior Positions.

Although Plaintiffs' failure to seek relief in their Complaint regarding the validity of Hill Jr.'s powers of appointment requires dismissal for lack of standing, Plaintiffs attempt to address the merits of Hill Jr.'s powers of appointment in their Response. Plaintiffs now contend the powers of appointment in the 1935 Trust Agreements only pertain to Hill Jr.'s rights to income in the Hill Jr. Trusts (the "*Income Interest*") and did not allow him to appoint the beneficiary who would be entitled to receive distributions of trust corpus upon termination of the Hill Jr. Trusts (the "*Termination Interest*").[17] But Plaintiffs have ignored numerous dispositive issues.

*First*, Plaintiffs' argument about the validity of Hill Jr.'s powers of appointment is moot because they have not properly raised the issue in their Complaint.

*Second*, Plaintiffs' argument that Hill Jr.'s powers of appointment over the Hill Jr. Trusts applied only to the Income Interest and not to the Termination Interest is contrary to the language of the 1935 Trust Agreements. For example, Article III, § 3 of the 1935 Trust Agreements provide:

> At the time of the death of the Beneficiary, [his or her] *equitable interest* in said Trust Estate, *unless disposed of otherwise by said Beneficiary*, shall pass to and vest in [the Beneficiaries] heirs in accordance with the laws of descent and distribution then in force, applicable to the equitable interest of such Beneficiary and said Trust Estate. (The term "Beneficiary" applies not only to [Margaret Hunt or Haroldson L. Hunt] but to all [his or her] successors to beneficial interests under this trust).[18]

The "unless disposed of otherwise by said Beneficiary" creates a power of appointment that allowed Hill Jr. to dispose of his "equitable interest" in the Hill Jr. Trusts. The term "equitable

---

[17] Response, ECF 26 at 23.
[18] ECF 1, Ex. A, Art. III, § 3 (emphasis added); Ex. B, Art. III, § 3 (emphasis added).

interest" is to be taken in its natural and literal sense.[19] "Equitable interest" is defined as "an interest held by virtue of an equitable title or claimed on equitable grounds, such as the interest held by a trust beneficiary."[20] Article III, Section 1 of the 1935 Trust Agreements provide that Hill Jr., as the beneficiary of the Hill Jr. Trusts, held the Income Interest and the Termination Interest in the Hill Jr. Trusts.[21] Regardless of whether Hill Jr. lived to see the expiration of the Hill Jr. Trusts, his Termination Interest was a vested remainder because he was an ascertainable person to take the interest.[22] As such, the Termination Interest in each of the Hill Jr. Trusts was part of Hill Jr.'s equitable interest over which he held a power of appointment, which he exercised in his Will in favor of beneficiaries that did not include Plaintiffs.

***Third***, Plaintiffs ignore that, in his will, Hassie exercised his general power of appointment in the HHTE in favor of the lineal descendants of one of his sisters: Margaret Hunt Hill (Hill Jr.'s mother and Hill III's grandmother). But for Hassie's exercise of his power of appointment, Hassie's interests in the HHTE (both income *and* termination) would not have passed only to Margaret Hunt Hill's lineal descendants upon Hassie's death; rather, it would have passed to *all* of Hassie's then-living siblings and/or to the descendants of his pre-deceased siblings.[23] Indeed, Hill III previously argued to Dallas County Probate Court No. 2 in *In re Estate of Haroldson L. Hunt, Jr., Deceased*, Cause No. PR-08-830-2 (the "**HHTE Probate Suit**"),[24] that "in his Will, Hassie Hunt exercised his general power of appointment under the HHTE in favor of the lineal

---

[19] *See White v. Taylor*, 286 S.W.2d 925, 926 (Tex. 1956).
[20] *See* INTEREST, Black's Law Dictionary (10th ed. 2014) ("**equitable interest**" (17c)).
[21] ECF 1, Exs. A and B, Art. III, § 1; *see also* Exs. A and B, Art. IV, §§ 3 and 4.
[22] *In re Townley Bypass Unified Credit Trust*, 252 S.W.3d 715, 717 (Tex. App.—Texarkana 2008, pet. denied).
[23] *2020 Action*, ECF 1 at 387 (PageID 38498) ¶ 16 ("In 1935, H.L. Hunt and his wife Lyda decided to provide long-term financial security for their six children – Margaret, Hassie, Caroline, Nelson Bunker ("Bunker"), William Herbert ("Herbert"), and Lamar.").
[24] *See* ECF 22 at App. 511-524 (Exhibit 25 of Appendix (Not Sealed) in Support of Motion to Dismiss and Supporting Brief of Defendant Lyda Hill).

descendants of his sister, Margaret."[25] Thus, in the HHTE Probate Suit, Hill III acknowledged in 2008 that the trust instrument for the HHTE, which is identical to the MHTE, provided the beneficiary (*i.e.*, Hassie) with powers of appointment.[26] Plaintiffs now seek to benefit from Hassie having exercised the same power of appointment they claim Hill Jr. did not possess.[27]

*Fourth*, Hill III is estopped from contending Hill Jr. does not have powers of appointment in the Hill Jr. Trusts. Under the doctrine of quasi-estoppel (or estoppel by contract),[28] much like the Court's conclusion about Hill III's inconsistent position agreeing to the No Contest Clause in the GSA and then contesting Hill Jr.'s Will, it is prejudicial to Defendants and inequitable for Hill III to contend today (after receiving a nine-figure monetary amount in consideration through the GSA and Final Judgment) that Hill Jr. did not have powers of appointment in the Hill Jr. Trusts while previously having agreed to, and benefitting from, the GSA to which Hill Jr.'s Disclaimer is attached. Hill III contractually agreed in the GSA,[29] which was incorporated into the Final Judgment,[30] that Hill Jr.'s Disclaimer was valid and enforceable. The Disclaimer expressly recognizes Hill Jr.'s power of appointment in the MHTE over **both** his Income Interest and Termination Interest:

> If MHH [Margaret Hunt Hill] does not exercise her **general power of appointment**, each intestate heir of MHH will also possess under Article III, Section 3 of the Trust Agreement a **general power of appointment** allowing such heir to appoint his or her Income Interest or Termination Interest in the Trust, or both, to someone else.[31]

\* \* \*

---

[25] *Id*. at App. 517.
[26] ECF 1 at 4.
[27] *2020 Action*, ECF 1883 at 7-8 (quoting from Page 2, Paragraph 2.1 of Hill Jr.'s Will); Response, ECF 26 at 23.
[28] *See 2020 Action*, ECF 1919 at 23-25 (and cases cited therein).
[29] *2020 Action*, ECF 879 at 15 § III.1(g); *id*. at 15 § III.2(a); *id*. at 17 § III.3(a); *see also id*. at 7 § III.1(b)(i); *see also id*. at 37-40 (Page ID 23100-23103).
[30] *2020 Action*, ECF 999 at 6 ¶ 5.
[31] *2020 Action*, ECF 879 at 38 ¶ 7 (PageID 23101) (emphasis added); *2020 Action*, ECF 999-1 at 6 ¶ 7 (PageID 26413) (emphasis added); ECF 23-1 at App. 801-88 (Exhibit 37 to Lyda's Sealed Appendix Supporting Motion to Dismiss).

> The Disclaiming Beneficiary is not renouncing or disclaiming any interest in the Trust besides the Disclaimed Interests. Thus, the Disclaiming Beneficiary is retaining all interests in the Trust other than the Disclaimed Interests (***including, without limitation, the Beneficiary's power of appointment** over such retained interests*).[32]

Accordingly, Hill III agreed in the GSA that Hill Jr. had powers of appointment in the MHTE. By extension, Hill III also agreed Hill Jr. had powers of appointment in the HHTE, which has identical language to the MHTE. Therefore, by extension, Hill III agreed Hill Jr. had powers of appointment in the Hill Jr. Trusts, which are derived from the MHTE and HHTE.

In fact, because Hill Jr. held powers of appointment over, and disclaimed portions of his Income Interest and Termination Interest in the MHTE, Hill III received *both* a vested interest in the income and the corpus of the MHTE. The Final Judgment split Hill III's interests out from the MHTE into separate trusts, which are also separate and distinct from the Hill Jr. Trusts. Stated differently, the Disclaimer, and in turn the GSA and the Final Judgment, provided Hill III with a portion of the corpus of the MHTE through Hill Jr. disclaiming his power of appointment that Hill III *now* proclaims could not be disturbed until 2028.[33]

### 4. *Erin's Failure to Address Standing Mandates Dismissal of Her Claims.*

Plaintiffs fail to offer any response to Defendants' contentions that Erin has no standing to bring any claims regarding the Hill Jr. Trusts.[34] Thus, the Court should dismiss Erin's claims.

**B.   Plaintiffs Intentionally Misrepresent the Prior Probate Court Proceedings and Improperly Argue the Merits of Dissolution without First Establishing Standing.**

Plaintiffs repeatedly refer to a Final Judgment dated July 29, 2016 in Cause No. PR-16-01012-2, *In Re: The MHTE – Albert G. Hill, Jr. Trust and The HHTE – Albert G. Hill, Jr. Trust*,

---

[32] *2020 Action*, ECF 879 at 40 (PageID 23103) (emphasis added); *2020 Action*, ECF 999-1 at 8 (PageID 26415) (emphasis added). *See* ECF 23-1 at App. 801-88 (Exhibit 37 to Lyda Hill's Sealed Appendix Supporting Motion to Dismiss).
[33] Response, ECF 26 at 1, 6-7.
[34] *See* Motion, ECF 18 at 17.

Probate Court No. 2, Dallas County, Texas (the "**Hill Jr. Trusts Probate Matter**"),[35] alleging the Probate Court made an affirmative finding the Hill Jr. Trusts could not be terminated.[36] Plaintiffs fail to disclose, however, that on October 6, 2016, Probate Court No. 2 vacated that Final Judgment and entered a new Final Judgment.[37] This blatant and intentional omission of material fact is important for numerous reasons.[38]

***First***, Plaintiffs attempt to intentionally mislead this Court into believing the dissolution of the Hill Jr.'s Trusts has already been adjudicated. ***Second***, Plaintiffs' argument that Defendants should be collaterally estopped from contending the Trustee of the Hill Jr. Trusts had the authority to dissolve the Hill Jr. Trusts has no merit. The July 29, 2016 Final Judgment relied upon by Plaintiffs was vacated, and the facts in this case were not previously litigated in the Hill Jr. Trusts Probate Matter.[39] ***Third***, Texas and Fifth Circuit law are clear that a vacated judgment has no legal effect and leaves the matter as if no judgment had been entered, *i.e.*, that it is void.[40] Further, as the Texas Supreme Court held in *Martin v. Martin, Martin & Richards, Inc.*, "a judgment dismissing with prejudice a claim for a declaration that a contract is valid does not amount to a declaration that the contract is invalid and does not preclude an action for subsequent breaches."[41]

## C. Plaintiffs Fail to Respond to Numerous Deficiencies Raised in Defendants' Motion.

In Section IV.C of the Motion, Defendants raised several fatal deficiencies regarding each

---

[35] *See, e.g.*, Response, ECF 26 at 1, 5-6, 11-12, 18-19.
[36] *Id.*
[37] *2020 Action*, 1889-3 at App. 124-126 (PageID 46755 - 46757); *see also* ECF 1889-2 at 12 (PageID 46604), in which Hill III describes the October 6, 2016 Final Judgment.
[38] Defendants reserve all rights to seek appropriate sanctions for Plaintiffs' intentional failure to mislead this Court regarding the Hill Jr. Trusts Probate Matter and the Probate Court's prior orders regarding same.
[39] *Tex. Dep't. of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001) ("To establish collateral estoppel, Appellees must demonstrate: (1) the facts sought to be litigated in the second action were fully and fairly litigated, (2) those facts were essential to the judgment in the prior action, (3) the issue is identical to an issue in the prior action.").
[40] *Betts v. Day*, 05-18-00082-CV, 2018 WL 2473819, at *1 (Tex. App.—Dallas June 4, 2018, no pet.); *Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.); *see also Troy State Univ. v. Dickey*, 402 F.2d 515, 517 (5th Cir. 1968) ("The effect of vacating the judgment below is to take away from it any precedential effect.").
[41] 989 S.W.2d 357 (Tex. 1998).

of Plaintiffs' claims.[42]  In their Response, however, Plaintiffs fail even to attempt to address these independent grounds for dismissal.  As a result, even if the Court determines Plaintiffs have standing (which they do not), the Court should still dismiss their claims pursuant to Rule 12(b)(6).

D.     **Plaintiffs' Motion to Strike is Improper and Should Be Denied.**

Rule 12(f) motions "are viewed with disfavor" and granted "only when the pleading to be stricken has no possible relation to the controversy."[43] Although Rule 12(f) authorizes the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Rule 7(a) identifies the "pleadings" subject to being stricken under Rule 12(f): "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[44]

The Court should deny Plaintiffs' Rule 12(f) motion to strike for the following three reasons.  ***First***, the filing at issue is a motion, not a pleading.  ***Second***, the Motion relates to the controversy before the Court as it specifically addresses Plaintiffs' claims.  ***Third***, Plaintiffs fail to note any specific language in the Motion they contend satisfies Rule 12(f)'s high standard to strike.

E.     **There is No Basis to Convert Defendants' Motion to a Summary-Judgment Motion.**

The Court should also deny Plaintiffs' request to convert Defendants' Motion into a summary-judgment motion for the following reasons.  ***First***, lack of standing is a proper ground to dismiss this case under Rule 12(b)(1).  No additional evidence or record can be developed to overcome this fatal flaw in Plaintiffs' Complaint. Plaintiffs are simply trying to avoid the Motion

---

[42] Motion, ECF 18 at 18-25.
[43] *Securities Exchange Commission v. Faulkner*, Civil Action No. 3:16-CV-1735-D, 2019 WL 2515000, at * 1 (N.D. Tex. June 18, 2019) (Fitzwater, J.).
[44] *Id.* (citations omitted).

and seek discovery on claims they lack standing to assert.[45] ***Second***, Rule 12(d) only authorizes conversion of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, or a Rule 12(c) motion for judgment on the pleadings, into a summary-judgment motion. It does not authorize the conversion of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction into a summary-judgment motion.  ***Third***, attaching or referring to documents alone is not a sufficient basis to convert a motion to dismiss into a summary-judgment motion under Rule 56.  In connection with a motion to dismiss, the Court may rely on documents that are referred to in the Complaint and are central to Plaintiffs' claims,[46] and may take judicial notice of such documents.[47]  Defendants rely on, and have requested the Court take judicial notice of, documents either: (1) central to Plaintiffs' claims, and most are specifically referenced in Plaintiffs' Complaint; or (2) properly subject to judicial notice.[48]  Indeed, Plaintiffs acknowledge that the GSA, the Final Judgment, their supporting exhibits, the 1935 Trust Agreements, and the pleadings from the *2020 Action* are properly before the Court.[49]  ***Fourth***, virtually all of the exhibits Plaintiffs contend justify converting *both* motions were attached by Lyda; regardless, the Court should not convert either motion to dismiss into a summary-judgment motion.

### III.   CONCLUSION

Wherefore, Defendants request the Court grant their Motion, dismiss all of Plaintiffs' claims with prejudice, and award Defendants any other relief to which they might be justly entitled.

---

[45] Response, ECF 26 at 5.
[46] *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).
[47] *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f))*; see, e.g.*, Civil Action No. 3-07-CV-1255-L, *Williams v. Potter*, 2008 WL 1848458, n. 1 (N.D. Tex. April 23, 2008) (Lindsay, J.)
[48] *See, e.g.*, (1) ECF 1 (Plaintiffs' Complaint); (2) *2020 Action*, ECF 879 (the GSA, including Hill Jr.'s MHTE Disclaimer attached thereto); (3) *2020 Action*, ECF 999 (the Final Judgment, including Hill Jr.'s MHTE Disclaimer attached thereto); (4) *2020 Action*, ECF 999-1 (Exhibit 37 to Lyda's Sealed Appendix in Support of Lyda's Motion to Dismiss, which are the exhibits to the Final Judgment, specifically Hill Jr.'s MHTE Disclaimer); and (5) various orders and filings in the *2020 Action*.
[49] Response, ECF 26 at 3, 6.

Dated: May 6, 2021

*/s/ Tom M. Dees, III*
TOM M. DEES, III
Texas State Bar No. 24034412
E-mail: tdees@hallettperrin.com
HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: 214.953.0053
Facsimile: 214.953.4142
COUNSEL FOR DEFENDANTS
HEATHER HILL WASHBURNE AND
ELISA HILL SUMMERS
IN ALL CAPACITIES

Respectfully submitted,

*/s/ Brian E. Mason*
G. MICHAEL GRUBER
Texas State Bar No. 08555400
E-mail: gruber.mike@dorsey.com
BRIAN E. MASON
Texas State Bar No. 24079906
E-mail: mason.brian@dorsey.com
DORSEY & WHITNEY, LLP
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: 214.981.9900
Facsimile: 214.981.9901
COUNSEL FOR DEFENDANTS
MARGARET KELIHER AND
TYREE B. MILLER
IN ALL CAPACITIES

*/s/ Michael J. Lang*
MICHAEL J. LANG
Texas State Bar No. 24036944
Email: mlang@cwl.law
ALEXANDRA J. OHLINGER
Texas State Bar No. 24091423
Email: aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG, PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: 214.817.4500
Facsimile: 214.817.4509
COUNSEL FOR CHESTER J. DONNALLY,
JR., CAROL E. IRWIN, AND THOMAS P.
TATHAM IN ALL CAPACITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2021, a true and correct copy of the foregoing instrument was served according to the Federal Rules of Civil Procedure via the ECF system on counsel of record with access to filings.

*/s/ Brian E. Mason*
BRIAN E. MASON